38043. SMITH et al. v. GWINNETT COUNTY et al.

GREGORY, Justice.

Appellees, plaintiffs below, are Gwinnett County and ten property owners in Raintree Forest subdivision in Gwinnett County. Appellants Grady and C. W. Smith hold deeds to the recreation areas of Raintree Forest and five other subdivisions in Gwinnett County. Appellants Raymond and Karen Chatfield hold a deed to the recreational area of a sixth subdivision in Gwinnett County. Appellees filed in Gwinnett Superior Court a complaint asking for declaratory and injunctive relief.

The facts below were stipulated. At the time the subject properties were subdivided, the following zoning regulation was in effect:

"E. *Public Sites and Open Spaces*

"1. Land for public parks shall be reserved for all residential subdivisions which have a gross area of twenty (20) acres or more in one contiguous ownership . . . Reserved land shall be deeded to a Property Owners Association comprised of residents of the subdivision for the operation and maintenance of the open space for the benefit of the residents. The organization of this Property Owners Association and its adequate financing for the discharge of its responsibilities shall be assured through acceptable private deed covenants running with the land . . .

"2. Parks and play space grounds may be dedicated to Gwinnett County or to a property owners association comprised of residents of the subdivision. If so dedicated, the land shall be used exclusively for recreational purposes."

A subdivision plat could not be recorded until the county commissioners accepted and approved it. That approval was not forthcoming unless the plat showed compliance with the reservation requirements of the above regulation. Approval was shown by the signature of the chairman of the county commission.

The plat of each subdivision involved in this appeal designated, using various terms, an area to be reserved. Each of the plats also contained the following statement:

"The owner of the land shown on this plat and whose name is subscribed hereto, and in person or through a duly authorized agent, acknowledges that this plat was made from the actual survey, and dedicates to the use of the public forever, all streets, alleys, *parks* and water courses, drains, easements and *public places* thereon shown for the purposes and considerations therein expressed" [emphasis added — emphasized words omitted from statement on plat of Mark IV Estates, one of the subdivisions].

In all but one case, the developers failed to deed the recreational area to a property owners association. The county continued to carry the recreational areas on its records in the name of the developers and assessed and levied taxes against the developers on these properties. Four of the developers became in default. The tax commissioner issued fi. fa's., levies were made, and four recreational areas were sold at sheriff's tax sales to defendants. One developer was foreclosed upon and a bank sold the recreational area to defendants. Another developer actually deeded his recreational area to a property owners' association as the county regulations required. However, when the property owners association failed to pay the taxes, this recreational area was also levied on by the county and sold at a tax sale to defendants.

It was stipulated by the parties that none of the plaintiffs (appellees) owned deeds or other documents inferring color of title to any of the recreational areas acquired by defendants. It was further stipulated that Gwinnett County had no documents, other than the subdivision plats, which might show acceptance of a dedication of any of the recreational areas, and had at no time exercised any dominion or control over any of those properties.

The trial court found appellants lacked standing to challenge the constitutionality of the zoning regulations. The court found appellees had easements in the reserved recreational areas. Appellants were permanently enjoined from interfering with those easements.

1. Appellants claim the regulation[1] requiring a developer to set aside land for recreational purposes amounts to a taking of private property without just and adequate compensation being first paid, in violation of Art. I, Sec. III, Par. I of the Georgia Constitution (Code Ann. § 2-301).

---

[1] Both parties have used the words "regulation" and "ordinance" interchangeably. Our resolution of the constitutional issue in this case does not require that we determine in what instances the difference between the two might be significant, or which is actually involved in this case.

We note that state and local enactments requiring subdividers to set aside portions of their property for park or recreational purposes have been upheld in other jurisdictions against attacks claiming such a requirement constitutes an unlawful taking without compensation. See Annot., 43 ALR3d 862, *Subdivided Land — Dedication for Recreation.* Whether or not the specific regulation involved in this case violates Code Ann. § 2-301 or some other constitutional provision, we do not decide.

One may not attack a legislative enactment as being unconstitutional unless one is within the class with respect to whom the act is unconstitutional. *Payne v. Bradford,* 231 Ga. 487 (202 SE2d 422) (1973). The regulation *sub judice* is directed towards persons subdividing twenty or more acres of land. Appellants are not within that class of persons to whom the ordinance is directed and we agree with the trial court that they lack standing to attack the constitutionality of the regulation.

2. The individual appellees claim an interest in the recreational areas of the Raintree Forest subdivision by virtue of their purchase of lots in the subdivision pursuant to a plat showing a reserved recreational area. Gwinnett County claims an interest in the recreation areas of all the subdivisions by virtue of the dedications to the public of the parks and public places shown on the plats.

(a) We deal first with the residents of Raintree Forest. "It is well-established that where a developer sells lots according to a recorded plat, the grantees acquire an easement in any areas set apart for their use. *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349) (1929). An easement acquired in this manner is considered an express grant, and is an irrevocable property right. The rationale is that the grantees of the property have given consideration for its enhanced value in the increased price of their lots. [Cits.]" *Walker v. Duncan,* 236 Ga. 331, 332 (223 SE2d 675) (1976). "The owners of lots in the subdivision have an easement in these public areas whether or not there has ever been an acceptance of the dedication by public authorities or the public generally. [Cits.]" *Stanfield v. Brewton,* 228 Ga. 92, 95 (184 SE2d 352) (1971). The owner of an easement arising from a grant, express or implied, does not lose his easement by mere nonuser, and nonuser without other evidence of intent to abandon will not constitute abandonment. *Tietjen v. Meldrim,* supra; *Caffey v. Parris,* 186 Ga. 303, 307 (197 SE 898) (1938).

"All persons claiming under the first subdivider are forever estopped to deny the existence of the streets and the other areas designated for the common good of all purchasers of lots in the subdivision." *Smith v. Bruce,* 241 Ga. 133, 143 (244 SE2d 559) (1978).

"No sale of real property under a fieri facias for taxes . . . shall extinguish or affect any easement . . . in . . . said real property created by operation of law or expressly created: Provided such expressly created easement . . . was recorded prior to recording of the fieri facias for taxes . . . under which the real property subject to such easement . . . was sold." Code Ann. § 85-1405. Since the plats in this case were recorded prior to the fi. fas., the easements of the individual property owners in the Raintree Forest Recreation area, acquired when they purchased lots in the subdivision, were not extinguished by the subsequent levy and sale of the property by Gwinnett County.

(b) The county stands on a different footing. The recording of a subdivision plat showing areas set apart for the use of the public acts not only as a grant of an easement to the purchasers of the property, but also raises a presumption of intent to dedicate to the public. *Walker v. Duncan,* supra; *Smith v. State of Ga.,* 248 Ga. 154, 159 (282 SE2d 76) (1981). However, to complete a dedication of land to a public use, there must not only be an offer to dedicate, but also an acceptance, either express or implied, by the appropriate public authorities or by the general public. *Ross v. Hall County Commrs.,* 235 Ga. 309 (219 SE2d 380) (1975).

"[A]cceptance of property set aside by the owner to a public use will be implied where it is improved and maintained for such use by authorized public officials out of tax funds." *Lowry v. Rosenfeld,* 213 Ga. 60, 63 (96 SE2d 581) (1957). Gwinnett County has not improved or maintained any of the recreation areas involved in this case.

"[A]cceptance by the public for public use is sufficient to complete the dedication without acceptance by the appropriate public authorities." *Smith v. State of Ga.,* supra, at 159. "[A]cceptance of an express offer to dedicate property may be shown by public use of the property for a period of time sufficient to indicate that the public is acting on the basis of a claimed right resulting from the dedicatory acts by the owner." Id. at 160. No evidence has been presented to show any use by the public of the recreation areas involved in this case.

The only acts by Gwinnett County claimed to be acceptances of the offers to dedicate are its approvals of the subdivision plats. As previously stated, approval of a subdivision plat was obtainable only if the developer had complied with the reservation requirements of the zoning regulations.

A distinction exists between, on one hand, requiring a developer to reserve land for use of the residents of the subdivision and, on the other, requiring the developer to dedicate the property to the county. The former would not convey anything to the public and the latter

would. The county's refusal to approve plats with no park land reserved is consistent with the zoning regulations which required a *reservation* of park land but permitted and did not require a *dedication* of such land to the county.

It may be that where a county would not approve a subdivision plat unless a park area were dedicated to the county, approval of the plat would constitute an acceptance of the dedication. However, there is no evidence in this case that approval was conditioned upon an offer of dedication, and we hold that the county did not accept the offers of dedication contained in the subdivision plats merely by approving plats containing such offers of dedication.[2]

3. The trial court correctly found that the individual property owners in Raintree Forest subdivision have the right to use the recreation area of the subdivision and have an easement to that effect. The court correctly enjoined appellants from interfering with that easement. The trial court erred in finding that Gwinnett County has any interest in the recreation areas of the seven subdivisions involved in this appeal and we reverse the judgment of the court below insofar as it enjoins appellants from interfering with such interests.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Hill, P. J., who dissents to Division 2 (b).*

DECIDED FEBRUARY 9, 1982.

*Claira Mitcham Zellers,* for appellants.
*James A. Henderson,* for appellees.

---

[2] Certainly, the subsequent tax sales of the recreation areas in five of the subdivisions are consistent with the notion that no acceptance ever took place.