A90A0166. BRYANT et al. v. KERN & COMPANY, INC. et al.
(395 SE2d 620)

McMURRAY, Presiding Judge.

Plaintiffs Laura Peters Bryant and John Randall Bryant brought this personal injury action against Kern & Company, Inc. and Robert F. Kern, the sole general partner of WFK Hi-Tech Limited, in the Superior Court of Gwinnett County. They alleged that defendants owned and developed Executive Drive South in Gwinnett County; that Laura Peters Bryant was injured in an automobile collision as she was driving on Executive Drive South and entered the intersection of Executive Drive South and Breckinridge Boulevard; that at the time of the collision, neither a stop sign nor a traffic light was in use at the intersection; that defendants were negligent in failing to erect a traffic control device or sign at the intersection; and that Laura Peters Bryant's injuries were the direct and proximate result of defendants' negligence. John Randall Bryant sought damages for loss of consortium.

Defendants answered the complaint and denied any liability to plaintiffs. Specifically, defendants alleged, inter alia, that although they formerly owned and developed the surrounding area, they were not the owners of Executive Drive South at the time of the collision. In connection with that allegation, defendants Kern & Company, Inc., and Robert F. Kern, the sole general partner of WFK Hi-Tech Limited, filed a third-party complaint against Gwinnett County (third-party defendant) seeking indemnity in the event they are deemed liable to plaintiffs. Therein, defendants (now also third-party plaintiffs) alleged that at the time of the collision, the intersection was owned by Gwinnett County.

Gwinnett County answered the third-party complaint and it, too, denied any liability. Insofar as ownership of the intersection was concerned, Gwinnett County alleged that at the time of the collision, Executive Drive South was not a public street inasmuch as the dedica-

tion of Executive Drive South had not been accepted by Gwinnett County.

Plaintiffs amended their complaint to seek punitive damages against the original defendants (Kern & Company, Inc. and Robert F. Kern, the sole general partner of WFK Hi-Tech Limited). Additionally, plaintiffs alleged: "Should it be determined that the third-party defendant, Gwinnett County, was the owner of the road at the time of the collision then it is liable to the Plaintiffs, jointly, with the other defendants, for the damages the Plaintiffs sustained."

Following discovery, defendants moved for summary judgment. We summarize the evidence adduced in the trial court as follows:

Defendant Kern & Company, Inc., owned the land which became Executive Drive South and it contracted with various entities to design and build that road. Defendants intended for Executive Drive South to become a public road upon its completion. To that end, Kern & Company, Inc., dedicated the road to Gwinnett County pursuant to a plat which was approved by the Gwinnett County Board of Commissioners on March 6, 1987, and recorded in the Gwinnett County Deed Book on March 12, 1987.

Before the plat was approved, Gwinnett County required the posting of a one-year maintenance bond covering 20 percent of the total cost of the road. To meet this requirement, Kern & Company, Inc., purchased an $8,800 maintenance bond on January 27, 1987. The purpose of the bond was to insure that the road would be maintained by defendants until the end of the one-year bonding period.

Gwinnett County took no steps to construct, maintain or improve the road prior to March 31, 1987. As the road was being built, however, the Gwinnett County Development Department ("Development Department") inspected the road 50 or 60 times to insure compliance with proper building techniques and county specifications. By February 3, 1987, the Development Department was satisfied that the road was built properly. The Development Department was not concerned, however, with the placement of traffic control signs. That was the responsibility of the Gwinnett County Traffic Engineering Department ("Engineering Department").

The Engineering Department viewed the road as being under construction until March 11, 1987. Thereafter, during the week of March 13, 1987, the Engineering Department determined that the road was ready for the installation of traffic signs. Subsequently, during business hours on March 23, 1987, a work order was issued by the Engineering Department to erect a stop sign at the intersection of Executive Drive South and Breckinridge Boulevard. Later in the day, the collision giving rise to this action occurred.

At no point did Gwinnett County expressly accept the dedication of Executive Drive South. In fact, as late as June 12, 1989, the name

Executive Drive South did not appear in Gwinnett County's Street Master List.

Based on the foregoing facts, the trial court ruled: "The Court concludes that there is no material issue of fact, and as a matter of law, all of these actions constitute an implied acceptance by the County of this roadway. Accordingly, Defendants' Motion For Summary Judgment is granted, and the lawsuit is hereby dismissed in its entirety as the third party complaint concerns the liability of Defendants." Plaintiffs appeal. *Held*:

1. "[T]o complete a dedication of land to a public use, there must not only be an offer to dedicate, but also an acceptance, either express or implied, by the appropriate public authorities or by the general public. *Ross v. Hall County Commrs.*, 235 Ga. 309 (219 SE2d 380) (1975)." *Smith v. Gwinnett County*, 248 Ga. 882, 884 (2), 885 (286 SE2d 739). In the case sub judice, the parties agree that Executive Drive South was dedicated to Gwinnett County. They also agree that the dedication was not accepted by the county formally. Was the dedication accepted by the county impliedly?

An implied acceptance of a dedication may be demonstrated by any action undertaken by the governing authority. As it is said: "Where an owner of land makes an express dedication of a particular portion of his land to a municipal corporation, its acceptance may be shown by *any act* of the municipality recognizing the existence of the street and treating it as one of the streets of the city." (Emphasis supplied.) *Ellis v. Mayor & Aldermen of Hazlehurst*, 138 Ga. 181, 184 (75 SE 99).

In our view, Gwinnett County impliedly accepted the dedication of Executive Drive South. After all, the county did more than simply approve the plat dedicating Executive Drive South. See in this connection, *Smith v. Gwinnett County*, 248 Ga. 882, 884, 885, supra. It inspected the road on numerous occasions, requiring defendants to build the road to county standards; it required the posting of a maintenance bond; and, viewing the road as complete, it undertook the placement of traffic signs, ordering the erection of a stop sign at the intersection in question.

Plaintiffs assert the procurement of the maintenance bond by Kern & Company, Inc., demonstrates that Executive Drive South was not accepted impliedly by the county since Kern & Company, Inc., remained obligated to repair the road. To the contrary, the fact that the county required the procurement of the maintenance bond demonstrates that the county viewed the road as its own. If the county believed otherwise, it would not have deemed a maintenance bond necessary since it would have had no interest in seeing that the road was maintained.

Inasmuch as the road had been accepted impliedly by the county

prior to the time of the collision, plaintiffs may not look to the original defendants for compensation. Having accepted the property, the county became the owner of the premises.

2. Plaintiffs also contend the trial court erred in granting defendants' motion for summary judgment even if the county did accept the road. In this regard, they argue defendants are liable for their own negligence in failing to erect a traffic control device at the intersection in question whether the county owned the road or not. This argument misses the mark. At the time of the collision, it was incumbent on the county, not defendants, to erect traffic control devices on Executive Drive South. Defendants had no duty to erect such devices at that time. It is axiomatic that in the absence of such a duty, the original defendants cannot be deemed liable. See generally *Slaughter v. Slaughter*, 122 Ga. App. 374, 376 (177 SE2d 119).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1990 —
REHEARING DENIED JULY 2, 1990 — CERT. APPLIED FOR.

*Clark & McLaughlin, Michael C. Clark*, for appellants.
*Dean, Rosskopf & Brenskelle, G. Gibson Dean II, Neely & Player, Taylor T. Daly*, for appellees.