appellee.

## A94A1520. WATSON v. CLAYTON COUNTY.
(447 SE2d 162)

BLACKBURN, Judge.

On August 30, 1993, the appellant, John L. Watson, Jr., filed the instant action seeking damages and injunctive relief against the appellee, Clayton County, Georgia, and the City of Atlanta, Georgia, alleging that Clayton County allowed the City of Atlanta to barricade and excavate a portion of a private street which abutted his property and that this activity created a continuing nuisance. Watson further alleged that the City of Atlanta and Clayton County obstructed his ingress and egress to the property and interfered with the utility service being provided to the property.

Thereafter, the trial court granted the City of Atlanta's motion for summary judgment based upon Watson's failure to provide ante litem notice, and this decision was not appealed. Clayton County also moved for summary judgment, and the first motion was denied by the trial court. This appeal involves the trial court's grant of Clayton County's second motion for summary judgment. On appeal, Watson maintains that the trial court erred in granting Clayton County's motion to dismiss which was contained in the motion for summary judgment, and erred in granting summary judgment in favor of Clayton County. We disagree and affirm.

The record viewed in the light most favorable to Watson, nonmovant, shows that in 1959, Watson purchased property on Fulford Drive in the L. J. Eberhart subdivision in the Mountain View area of Clayton County. Between 1978 and 1983, the City of Atlanta purchased property along Fulford Drive for the purpose of expanding the runways at Hartsfield International Airport. Although Clayton County entered into an agreement with the City of Atlanta in 1982 under an urban redevelopment plan whereby Clayton County would condemn properties and convey the properties to the City of Atlanta in the event that the City of Atlanta could not acquire the property, the City of Atlanta purchased the properties along Fulford outright without the assistance of Clayton County.

Beginning in June 1983, the City of Atlanta constructed a barricade across Fulford Drive to the east of Watson's property but in the same block in which Watson's property was located. The City of Atlanta excavated dirt from the eastern portion of Fulford Drive at depths of 25 feet and erected a conveyor belt running across and along Fulford Drive, obstructing access to Watson's property from the east. However, Watson's property was accessible from the west. As a

result of this activity, Watson's utility lines were temporarily removed and services were allegedly interrupted. It is undisputed that Fulford Drive was paved through private donations, and there is no evidence that Fulford Drive was dedicated, accepted, or maintained by Clayton County.

"A private landowner may dedicate land by setting it apart for public use, but it must be accepted by the county before it becomes a county road. Both *dedication* and *acceptance* may be *express* or *implied* as long as a clear intent is manifested." (Citations omitted.) *Ross v. Hall County Bd. of Commrs.*, 235 Ga. 309, 310 (219 SE2d 380) (1975). In the case sub judice, there is no evidence that Fulford Drive was dedicated to the county and accepted by the county before the City of Atlanta barricaded and excavated a portion of the road. See id. In addition, there is no evidence that Clayton County exerted any control over Fulford Drive or over the City of Atlanta's activities on Fulford Drive. See *Lewis v. DeKalb County*, 251 Ga. 100 (1) (303 SE2d 112) (1983). While Watson maintains the road was contained in the recorded plat of the subdivision, "mere approval of [subdivision] plats containing offers of dedication d[oes] not constitute acceptance." Id. at 101.

Watson's reassertion of the allegations contained in the complaint that Clayton County allowed the City of Atlanta to excavate and barricade portions of the road are insufficient to create a material issue of fact precluding summary judgment. In addition, Watson's assertion that the trial court erred in granting Clayton County's motion to dismiss is not supported by the record inasmuch as the trial court's order did not address this issue. It is well settled that this court's jurisdiction on appeal is limited to the review of errors allegedly made below. See *State v. Cobb*, 208 Ga. App. 752 (432 SE2d 112) (1993). Consequently, Clayton County cannot be held liable for the City of Atlanta's undisputed activity on the eastern portion of Fulford Drive, and therefore, summary adjudication in favor of Clayton County was warranted.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 28, 1994.

John L. Watson, Jr., pro se.
Greg K. Hecht, for appellee.