A95A2715. JOHNSON & HARBER CONSTRUCTION COMPANY
v. BING et al.
(469 SE2d 697)

BIRDSONG, Presiding Judge.

Plaintiffs Bing sued Johnson & Harber Construction Company (Johnson & Harber) for creating surface water runoff damage to their property by defective construction of drains and drainage basins on an adjoining development. The Bings added Henry County as a defendant, alleging the county failed to correct the faulty drainage system after accepting "dedication" of it from Johnson & Harber. The trial court granted summary judgment to the county.

Johnson & Harber appealed the grant of summary judgment to Henry County. Plaintiffs Bing did not appeal. Instead, after Johnson & Harber filed its notice of appeal, plaintiffs settled their claims against Henry County and dismissed the county from their suit without prejudice. Henry County then moved to dismiss this appeal. *Held*:

1. In its motion to dismiss this appeal, Henry County says it is no longer a part of plaintiffs' suit and that Johnson & Harber has no standing to appeal because Johnson & Harber did not file cross-

claims against the county. Johnson & Harber rejoins that plaintiffs' dismissal of Henry County does not render moot Johnson & Harber's appeal of the summary judgment in favor of the county, because plaintiffs' dismissal was filed after Johnson & Harber filed its notice of appeal, because plaintiffs' dismissal of the county does not affect the county's status as *joint tortfeasor*, and because the issue of who will be responsible for maintenance of the drainage system in the future is not moot. See *Haley v. Bailey*, 199 Ga. 486, 488 (34 SE2d 685).

We agree that dismissal of this appeal is not demanded by plaintiffs' dismissal of their suit against Henry County. Henry County was not dismissed by plaintiffs from their underlying suit until after notice of appeal had been filed by a party with standing to appeal the summary judgment. If an appellant or cross-appellant will benefit by reversal of a case, his appeal is not moot. See *Kubler v. Goerg*, 197 Ga. App. 667, 671 (399 SE2d 229). If the county and Johnson & Harber were joint tortfeasors, Johnson & Harber would have a right of contribution against the county as joint tortfeasor (OCGA § 51-12-32) even if the county had never been part of the original suit (*State Line Metals v. Aluminum Co. of America*, 216 Ga. App. 14, 16 (453 SE2d 474)); this means the right of contribution exists even if Johnson & Harber had been sued alone and even if Johnson & Harber did not implead Henry County; and this means the right of contribution exists even though Johnson & Harber did not file cross-claims. This right of contribution gives Johnson & Harber, as a party to the suit, standing to appeal the summary judgment in favor of Henry County. *C. W. Matthews Contracting Co. v. Studard*, 201 Ga. App. 741 (1) (412 SE2d 539).

Furthermore, our law "recognizes the continuing existence of the right of contribution against a joint tortfeasor who has been released. It recognizes the existence of the right of contribution where there is no judgment at all in the underlying suit, and even where there is no underlying suit filed. Thus, the right of contribution arises out of, but exists separately from, the rights present in the underlying suit." (Footnote omitted.) *Marchman & Sons v. Nelson*, 251 Ga. 475, 477-478 (306 SE2d 290). The court in *Marchman & Sons* held a dismissal with prejudice of the underlying suit is not a bar to an action for contribution by one joint tortfeasor against another. It is therefore not requisite to a joint tortfeasor's right of contribution that he file cross-claims against another joint tortfeasor in an underlying suit. Likewise his standing to appeal a judgment in a joint tortfeasor's favor does not depend on his filing of cross-claims.

This accords with our recent decision in *Nat. Foundation Co. v. Post, Buckley &c.*, 219 Ga. App. 431 (1) (465 SE2d 726) (1995).

Finally, and more to the point, there is an issue here whether the county and Johnson & Harber are joint tortfeasors. The substantive

issue in the case is whether the county accepted Johnson & Harber's dedication of the sewage system. Inasmuch as we reverse the trial court's grant of summary judgment to the county and the jury may hold that the county accepted dedication of the sewage system, the status of the defendants in that event would not be that of joint tortfeasors, but of independent actors each being liable for the acts committed by it before and after the county assumed responsibility by accepting the dedication. See *DeKalb County v. Orwig*, 196 Ga. App. 255, 260 (5) (395 SE2d 824), rev'd on other grounds, 261 Ga. 137 (402 SE2d 513). Under the terms of this dedication and the county's letter indicating acceptance of the dedication, the county may have accepted responsibility and liability for all damages caused by the drainage system. If Johnson & Harber's appeal of the county's summary judgment were dismissed because plaintiffs dismissed the county from the suit and Johnson & Harber filed no cross-claims, Johnson & Harber's claim that the county is liable for all damages would be fatally prejudiced. The county would argue in a suit for indemnity filed by Johnson & Harber that plaintiffs' dismissal of this appeal is res judicata on the merits and that no right of indemnity exists in Johnson & Harber as if the county had never been sued at all. This effort to secure immunity from indemnification by settling with the plaintiff and inducing dismissal from the suit, even though a right of indemnification might otherwise exist, might in some view constitute bad faith or excessive litigation. See OCGA § 9-15-14. The fact that one joint tortfeasor has been released by the plaintiff does not release all tortfeasors. *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417). Henry County's motion to dismiss this appeal is denied.

2. The grant of summary judgment to Henry County was error. Johnson & Harber filed a plat in the county deed office on July 23, 1992, dedicating to the use of the public forever all streets, parks, watercourses, drains, easements, and public places thereon shown. On August 25, 1992, the county issued a letter "To whom it may concern," requiring Johnson & Harber to establish a two-year maintenance bond on construction of all streets, curbs, gutters and storm drainage structures in this subdivision. This letter stated that after inspection, "Henry County will accept all future maintenance of Moseley Crossing Subdivision. [If the subdivision] does not pass county inspection . . . the County Department of Engineering & Roads . . . will make the necessary repairs to bring the subdivision up to county standards. Upon the completion of necessary repairs the county will accept all future maintenance of [the subdivision]."

The county's requirement of the maintenance bond, particularly under the terms of this letter, indicates the county viewed these structures as its own. Cf. *Bryant v. Kern & Co.*, 196 Ga. App. 165 (395

SE2d 620). Acceptance of a dedication may be shown by any act of a governmental entity treating a structure as its own. Id. at 167. Intention to dedicate to public use need not be shown by express declaration and may even be inferred from the owner's acquiescence in the use of the property by the public, but a dedication is not complete until both the intention to dedicate and acceptance by the public are shown; whether dedication and acceptance have occurred is usually a jury question. *Jackson v. Stone*, 210 Ga. App. 465 (436 SE2d 673). Considering the express terms of the county's letter, there is *at the very least* an issue of fact whether the county impliedly or expressly accepted dedication of the drainage system. See *Smith v. Gwinnett County*, 248 Ga. 882, 885 (286 SE2d 739); *Watson v. Clayton County*, 214 Ga. App. 225, 226 (447 SE2d 162).

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED FEBRUARY 12, 1996.

*Webb, Carlock, Copeland, Semler & Stair, Wayne D. McGrew III, Daniel J. Huff, Fain, Major & Wiley, Christopher E. Penna*, for appellant.

*Decker & Hallman, Robert D. Feagin, Crumbley & Chafin, Wade M. Crumbley, Barnhart, O'Quinn & Williams, Michael A. O'Quinn, Robert K. Haderlein*, for appellees.