A95A1274. HIBBS et al. v. CITY OF RIVERDALE.
A95A1275. BROWN v. CITY OF RIVERDALE.
(465 SE2d 486)

RUFFIN, Judge.

These companion cases involve drainage problems encountered by James and Vicki Hibbs and Cynthia Brown who purchased homes on neighboring lots in a subdivision developed by Hooker Barnes Homes ("the developer") in the City of Riverdale. After repeated flooding of their homes, the Hibbs and Brown sued the city for damages and injunctive relief. The complaints alleged the city negligently approved both the developer's plans for and the actual construction of the subdivision's faulty storm drainage system and had maintained the nuisance resulting from that system. The evidence showed that in accordance with the city's subdivision regulations, the city engineer evaluated the developer's proposed construction plans and sent his comments and suggestions about the drainage system to the Director of Public Works, Ron Gossett. Gossett sent the comments and suggestions to the developer for revisions. After the developer revised the plans Gossett did not forward the revisions to the city's engineers as is the city's policy. Instead, in an attempt to "speed up the process," Gossett relied on the developer to confer with the city's engineers.

The trial court granted the city's motion for summary judgment with respect to the plaintiffs' claims for negligence, nuisance, and trespass and denied the plaintiffs' respective motions for partial summary judgment. These rulings are appealed by the Hibbs in Case No. A95A1274 and by Brown in Case No. A95A1275. For reasons which follow, we affirm.

1. The Hibbs and Brown contend the trial court erred in granting summary judgment on their nuisance claims. We disagree.

Citing *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419 (249 SE2d 224) (1978), the trial court ruled that in order for the city to have a duty to abate the nuisance, it must have accepted the developer's dedication of the drainage easement; that there was no evidence the city exercised any control over the drainage system so as to create an implied acceptance of the easement; and that the Hibbs' nuisance claim therefore failed.

A city can be liable for its approval of construction projects which give rise to a nuisance resulting from flooding. *City of Columbus v. Myszka*, 246 Ga. 571 (1) (272 SE2d 302) (1980). This is because

"[a] municipal corporation, like any other individual or private corporation, may be liable for damages it causes to a third party from the operation or maintenance of a nuisance. . . . To be held liable for maintenance of a nuisance, the municipality must be chargeable with performing a continuous or regularly repetitious act . . . and if the municipality did not perform an act creating the dangerous condition, the failure of the municipality to rectify the dangerous condition must be in violation of a duty to act. (Cits.) . . . In a surface-water invasion case, the continuing invasions amount to a continuing trespass which is the equivalent of a continuing nuisance. [Cit.] If the city claims a right to use the drainage (system) then it is under a duty to maintain it so that the content and flow of surface waters (do) not overflow to the damage of the adjacent property owners. (Cit.) [Cits.]" (Punctuation omitted.) *Columbus, Ga. v. Smith*, 170 Ga. App. 276, 281 (316 SE2d 761) (1984).

On appeal, both sides devote numerous pages in their briefs to the issue of whether the city impliedly accepted the developer's dedication of the drainage system. But we need not address whether there was an express acceptance of the land and drainage system as indicated on the Final Plat signed by the city or an implied acceptance by virtue of the many actions taken by the city evidencing its control over the project, including requiring the developer to post a maintenance bond and its inspections of and revisions to the plans for the drainage system. See, e.g., *Bryant v. Kern & Co.*, 196 Ga. App. 165 (1) (395 SE2d 620) (1990). This is because the fundamental allegation in the plaintiffs' complaints is that the city created a nuisance as a result of its negligent approval and control of the developer's plans for a faulty storm drainage system. "If the act, omission, or defect alleged to constitute a nuisance is merely negligence, no matter how egregious the result, the municipality will not be liable for damage suffered." (Citations and punctuation omitted.) *City of Lawrenceville v. Macko*, 211 Ga. App. 312, 316 (3) (439 SE2d 95) (1993). Thus, assuming the city accepted the drainage system and was therefore responsible for its maintenance, the crux of the plaintiffs' complaints is negligence, "and negligence is insufficient to support a cause of action for nuisance. [Cit.]" Id. at 317. "A grant of summary judgment must be affirmed if it is right for any reason. [Cit.]" *Young v. Faulkner*, 217 Ga. App. 321, 325 (3) (457 SE2d 584) (1995).

2. The Hibbs and Brown also contend the court erred in failing to recognize the city's liability for trespassing upon their property. But this enumeration is not supported by argument or citation of legal authority and it is therefore deemed abandoned. Court of Appeals Rule 27 (c) (2).

3. The Hibbs and Brown enumerate as error the trial court's application of the public duty doctrine to their nuisance claim, contend-

ing the doctrine is inapplicable to such claims. The court's order, however, demonstrates that it applied the doctrine to the plaintiffs' negligence claim, and the complaints themselves belie any argument that the plaintiffs' actions did not sound in negligence. Thus, this enumeration is without merit.

4. The Hibbs and Brown contend the trial court erred in denying their motions for partial summary judgment. However, they do not specify the issues raised in their motions and fail to support this enumeration with argument or citation of legal authority. Thus, this enumeration presents nothing for our review.

5. The Hibbs and Brown contend they are entitled to equitable relief from the nuisance. Although an injunction against the city was requested in their complaints, the record does not reveal that such equitable relief was sought after the complaints were filed, and the court's order which is appealed does not address equitable relief. Accordingly, this enumeration presents nothing for review.

*Judgments affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 27, 1995 —
RECONSIDERATION DENIED DECEMBER 13, 1995 — 

*James A. Eidson*, for appellants.
*Drew, Eckl & Farnham, Theodore Freeman, Nena K. Puckett, Foster & Foster, Larry A. Foster, D. Jeffrey Grate*, for appellee.