A96A2298. DEPARTMENT OF PUBLIC SAFETY v. BAFFORD.
(478 SE2d 444)

JOHNSON, Judge.

The Georgia Department of Public Safety suspended the non-resident driving privileges of Jeffery K. Bafford, an Illinois resident, after he was arrested for DUI in Atlanta.[1] The superior court reversed. We granted the department's petition for discretionary review. We now reverse the superior court, and reinstate the suspension of Bafford's Georgia driving privileges.

A police officer observed Bafford sitting at the wheel of his car, stopped in an intersection and shouting at a pedestrian. The officer administered field sobriety tests and, based on the results, arrested Bafford for DUI. The officer read Bafford an implied consent warning regarding blood testing. Bafford asked what would happen to his Illinois license if he refused to take the test. Bafford testified the officer replied: "[A]s far as he knew I could drive . . . he wasn't for sure — he did say 'I'm not for sure' but the State of Illinois would not find out and the only state you will not be able to drive in is the State of Georgia." The officer's account of the conversation did not differ materially from Bafford's.

Bafford refused the test. He later challenged the suspension of his Georgia driving privileges before an administrative hearing officer, contending he had been misled about the effect a refusal would have on his Illinois license. The hearing officer upheld the suspension. That decision was apparently affirmed in an administrative review, though the decision is not in the record on appeal. The superior court reversed, finding that an implied consent warning was required to be "meaningful and unambiguous," while the officer's advice to Bafford had been "contradictory and confusing," and con-

---

[1] We affirmed Bafford's DUI conviction in an unpublished opinion. *Bafford v. State,* Case No. A96A1504, July 16, 1996.

tained statements that were "false and/or misleading."

When the Court of Appeals reviews a superior court judgment in a case under the Administrative Procedure Act, our function "is to determine whether the . . . superior court has in [its] own final ruling committed an error of law." *DeWeese v. Ga. Real Estate Comm.*, 136 Ga. App. 154, 155 (1) (220 SE2d 458) (1975). The Department of Public Safety contends the superior court committed legal error in finding that the officer's statement to Bafford was false or misleading. We agree.

"[T]he State of Georgia cannot control or know for certain what other states will do [in response to a refusal to submit to an alcohol test] . . . and the rule regarding warnings for out-of-state residents certainly should not depend on which foreign state the driver is from and how that state handles such situations." *State v. Coleman*, 216 Ga. App. 598, 599 (455 SE2d 604) (1995). The officer was therefore correct to tell Bafford that he did not know how officials in the State of Illinois would handle his refusal to be tested, and Bafford's own testimony shows that he understood the officer's uncertainty. Bafford's "argument that a warning that refusal to submit to the test would 'possibly' result in suspension did not permit him to make an intelligent choice in the matter strains credulity." *Ivie v. State*, 151 Ga. App. 496, 498 (3) (260 SE2d 543) (1979). Compare *Coleman*, supra, and *Deckard v. State*, 210 Ga. App. 421, 423 (436 SE2d 536) (1993), in which we held it was unlawfully coercive for officers to tell non-residents that test refusal would cause their home states to revoke or suspend their driver's licenses.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 20, 1996.

*Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Neal B. Childers, Senior Assistant Attorney General, Carol A. Callaway, Assistant Attorney General*, for appellant.

*Spruell & Dubuc, Brian M. Dubuc*, for appellee.