## A98A1531. CHILDREN'S HOSPITAL OF PITTSBURGH
## v. GEORGIA DEPARTMENT OF MEDICAL ASSISTANCE.
(509 SE2d 725)

POPE, Presiding Judge.

The dispositive question in this appeal is whether there are genuine issues of material fact as to whether an out-of-state hospital provided emergency medical services to a Georgia resident. The answer is that there are indeed genuine issues of material fact. Consequently, the judgment of the superior court affirming an administrative law judge's summary determination that there are no genuine issues of material fact is erroneous and must be reversed.

Preston Puckett was born in 1992 with a bowel disease which prevented his intestines from absorbing sufficient nutrients from food, so he had to be nourished intravenously.[1] In 1993, Preston's doctor, Edith Pilzer, asked the Georgia Department of Medical Assistance, which administers the state's participation in the federal Medicaid program,[2] to authorize an evaluation of Preston for a bowel transplant. Because such a transplant was not available in Georgia, Pilzer recommended that Children's Hospital of Pittsburgh, in Pennsylvania, perform the procedure. The Georgia Medical Care Foundation, an organization that contracts with the department to review requests for authorization of medical assistance, approved Pilzer's evaluation request. In January 1994, Preston was evaluated at the Children's Hospital, which determined that he was an eligible candidate for a small bowel transplant. The department reimbursed the hospital for the evaluation costs.

Preston returned to Georgia after the evaluation. He began to have liver problems and was hospitalized here on three different occasions. Upon his third discharge from the hospital, Pilzer and Preston's parents consulted with physicians here and in Pittsburgh and decided to transfer Preston to Children's Hospital to await a bowel and a liver transplant. On April 17, 1994, Preston was flown to Pittsburgh on Angel Flight, an emergency air service, and admitted to Children's Hospital. He was in the hospital until he died on August 16, 1994.

The hospital sought reimbursement of $275,445 from the department for the medical services it provided Preston. The department refused reimbursement on the grounds that the services had not been previously authorized and were not provided as the result of an emergency. The hospital requested a hearing by an administrative law judge on the denial of its claim. The department and the hospital

---

[1] Preston had Hirschsprung's Disease; the nerves in his intestinal tract did not function.

[2] OCGA § 49-4-140 et seq.

both filed motions for summary determination.[3] The administrative law judge granted the department's motion, denied the hospital's motion and dismissed the hospital's request for a hearing.[4] The administrative law judge concluded that there are no genuine issues of material fact and that the department is entitled to judgment as a matter of law because the hospital did not get prior authorization from the department for the services and did not adequately document the emergency nature of Preston's transfer to the hospital.

After the department commissioner affirmed the administrative law judge's decision, the hospital sought review by the superior court. The court affirmed the department's decision, holding that the record contains some evidence to support the administrative law judge's determination that an emergency did not exist. We granted the hospital's application for discretionary review of the court's ruling.

1. "When the Court of Appeals reviews a superior court judgment in a case under the Administrative Procedure Act, our function is to determine whether the superior court has in its own final ruling committed an error of law." (Citation and punctuation omitted.) *Ga. Dept. of Pub. Safety v. Bafford*, 223 Ga. App. 639, 640 (478 SE2d 444) (1996). In the instant case, the court committed an error of law by affirming the administrative law judge's grant of summary determination to the department.

As the agency implementing the federal Medicaid program in Georgia, the department is authorized to establish rules and regulations needed to execute the state plan. OCGA § 49-4-142 (a). The department thus established its Policies and Procedure Manual for Hospital Services. Section 909 of that manual provides that out-of-state hospitals will be reimbursed for medical service provided to eligible Georgia residents if (1) the service was "prior authorized" by the department, or (2) the service was provided as a result of an emergency or life endangering situation occurring out of state.

In the instant case, it is undisputed that Children's Hospital did not obtain authorization from the department before providing services to Preston from April until August of 1994. The sole basis for its claim of reimbursement is that it provided emergency services to Preston. Accordingly, the central question to be determined by the

---

[3] Department of Medical Assistance Rule 350-4-.26 (1) provides: "Any party may move, if supported by affidavits or other probative evidence, for a summary determination in its favor upon any of the issues being adjudicated on the basis that there is no genuine issue of material fact for determination."

[4] Department of Medical Assistance Rule 350-4-.26 (4) provides: "If all factual issues are decided by summary determination, no hearing will be held and the Administrative Law Judge shall prepare a decision." See also *Continental Baking Co. v. Brock*, 198 Ga. App. 578, 579 (402 SE2d 331) (1991) (administrative law judges exercise judicial functions and have authority to rule upon all motions).

administrative law judge in passing on the parties' opposing motions for summary determination was whether there are any genuine issues of material fact as to whether Children's Hospital provided any service to Preston as the result of an emergency situation. In granting summary determination to the department, the administrative law judge effectively concluded that there are no such issues. That conclusion is erroneous.

The hospital filed three affidavits to show the emergency nature of Preston's situation. One of the affidavits was from Dr. Pilzer, who stated that Preston was in a very tenuous situation due to the dramatic decrease in his liver function. She stated that his best chance for survival was an urgent transfer to Children's Hospital, where he could be stabilized and receive bowel and liver transplants.

A nurse for Dr. Pilzer also submitted an affidavit. She explained that when Pilzer and the chief transplant surgeon at Children's Hospital determined that Preston needed to go to Pittsburgh she immediately began making arrangements for the emergency air transport provided by Angel Flight. In order for Preston to qualify for the flight, it had to be certified that the needed treatment was not available locally, that the distance of travel precluded ground transport, and that time was of the essence.

The pediatric transplant coordinator at Children's Hospital gave another affidavit. She stated that because of Preston's condition he was subject to liver deterioration that can quickly, with little notice, lead to death. She said that, during his hospital stays in Georgia immediately before his transfer to Pittsburgh, Preston showed signs of liver deterioration and his condition was serious and life threatening. It was critical to transfer him to Children's Hospital because he was deteriorating quickly and might have reached a point of not being transportable or no longer suitable for the needed transplants. She gave detailed descriptions of Preston's medical problems and said that he was admitted to the hospital under a life threatening condition.

The record also contains several letters written by the transplant coordinator and by Dr. Pilzer concerning Preston's condition and need for medical services. Additionally, there are medical records documenting the severity of Preston's situation.

In support of its motion for summary determination, the department submitted the affidavit of Catherine Reeber, a referral coordinator for Georgia Medical Care Foundation. She reviewed the hospital's reimbursement request. She determined that because Preston was not hospitalized, but was being monitored as an outpatient here in Georgia before his transfer to Pittsburgh, the emergency nature of the transfer was not supported.

Contrary to the conclusion of the administrative law judge, this

case is not subject to summary determination. The affidavits submitted by the hospital and the department, as well as other evidence in the record, create genuine issues of material fact as to whether or not Children's Hospital provided some emergency medical services to Preston. Because there are genuine issues of material fact, the administrative law judge erred in granting summary determination in favor of the department and in dismissing the hospital's request for a hearing.

The superior court's review of the administrative law judge's decision was appellate in nature. See *Howell v. Harden,* 231 Ga. 594 (1) (203 SE2d 206) (1974). The court in the current case had to make a legal determination as to whether the case is subject to summary determination due to the absence of genuine issues of material fact. "It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. This requires a de novo review of the evidence." (Citation and punctuation omitted.) *Dumas v. Tripps &c.,* 229 Ga. App. 814 (495 SE2d 129) (1997).

The court in the present case failed to conduct the required de novo review and to determine whether there exist genuine issues of material fact. In so failing, the court erroneously affirmed the administrative law judge's summary decision in favor of the department. Compare *Bd. of Nat. Resources v. Walker County,* 200 Ga. App. 301 (407 SE2d 436) (1991) (court erroneously reversed administrative law judge's grant of summary determination). Because a de novo review of the record reveals that there are genuine issues of material fact as to whether the hospital provided emergency medical services to Preston, the court's affirmance of the grant of summary determination to the department is an error of law that must be reversed. See OCGA § 50-13-19 (h) (4).

2. The judgment of the court also had the correct effect of affirming the administrative law judge's denial of the hospital's motion for summary determination. Because genuine issues of fact exist as to whether the hospital provided emergency medical services, the hospital is not entitled to summary determination. Accordingly, the trial court's affirmance of the denial of summary determination to the hospital was not error and is upheld.

3. The hospital argues that the department manual's provision that the department will pay medical costs for an emergency occurring out of state violates federal law by requiring that the emergency originate outside the state of Georgia. The hospital claims federal law has no requirement that the emergency originate outside the state of the Medicaid patient and therefore the superior court

improperly applied the department's manual in affirming the administrative law judge's decision.

We note that the manual phrase *occurring* out of state does not necessarily mean *originating* out of state. More importantly, the record does not show that either the court or the administrative law judge interpreted and applied the department's manual in the manner suggested by the hospital. Neither the superior court judge nor the administrative law judge expressly made such a legal conclusion in their written decisions. "It is well settled that this Court's jurisdiction on appeal is limited to the review of errors allegedly made below. [Cit.]" *Watson v. Clayton County*, 214 Ga. App. 225, 226 (447 SE2d 162) (1994). Because it is not apparent from the record before us that the alleged error took place, the hospital's argument presents nothing for us to review.

*Judgment affirmed in part and reversed in part. Beasley and Ruffin, JJ., concur.*

DECIDED NOVEMBER 23, 1998 —
RECONSIDERATION DENIED DECEMBER 8, 1998 

*Powell, Goldstein, Frazer & Murphy, William V. Custer IV, Holly A. Pierson, Sara K. Sledge,* for appellant.

*Thurbert E. Baker, Attorney General, William C. Joy, Dennis R. Dunn, Senior Assistant Attorneys General, Kevin M. O'Connor, Per B. Normark, Assistant Attorneys General,* for appellee.