A06A1329. PIEDMONT HEALTHCARE, INC. v. GEORGIA DEPARTMENT OF HUMAN RESOURCES et al.
A06A1357. INSTITUTE FOR RADIATION THERAPY, INC. et al. v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.
(638 SE2d 447)

BARNES, Judge.

Piedmont Healthcare, Inc. seeks to consolidate the separate hospital permits of Piedmont Hospital, Inc. and Fayette Community Hospital, Inc. into a single permit. This court granted Piedmont Healthcare's application for discretionary review of the superior court order, which affirmed the administrative decisions to deny the request. Two hospitals and two radiation oncology service providers who intervened at the administrative level filed a cross-appeal, contending that this appeal is moot. The appeal is not moot, and for the reasons that follow, we affirm the trial court.

*Case No. A06A1329*

Piedmont Healthcare[1] owns Piedmont Hospital on Peachtree Street in Fulton County and Fayette Community Hospital (Piedmont Fayette) in Fayette County, which operate under separate hospital permits and are located 27.8 miles apart. Piedmont Healthcare applied to the Office of Regulatory Services (ORS) of the Department of Human Resources (DHR) for a consolidated hospital permit under the "Single Permit Rule." This new rule allows multi-building hospitals to obtain a single permit if (1) they are "in close proximity" to each other, (2) the facilities serve patients in the same geographic area, and (3) the facilities are operated under the same ownership, control, and bylaws. Ga. Comp. R. & Regs. r. 290-9-7-.03 (a). ORS denied the application, finding that Piedmont Healthcare failed to meet any of these three mandatory criteria.

---

[1] Formerly Piedmont Medical Center, Inc.

Piedmont Healthcare appealed, requesting a hearing before the administrative law judge (ALJ). Both parties then moved for summary adjudication. Southern Regional Medical Center, Inc., Newnan Hospital, Inc., the Institute for Radiation Therapy, Inc., and Newnan Regional Radiation Therapy Center, Inc., moved for and were granted permission to intervene, opposing the application. After reviewing the evidence, the ALJ determined that a hearing was not required because no questions of fact remained, and affirmed the administrative decision to deny Piedmont Healthcare's application for a single permit.

Piedmont Healthcare appealed to DHR for an agency review, and an appeals reviewer entered a final administrative decision affirming the ALJ's decision. Piedmont Healthcare then petitioned the superior court for judicial review. After reviewing the evidence and arguments, the superior court affirmed DHR's final administrative decision to deny Piedmont's application for a single hospital permit to cover both hospitals.

Piedmont Healthcare enumerates three errors on appeal. First, it contends that the superior court erred by holding that, although the ALJ cited the incorrect standard of review in her decision, no administrative hearing was necessary on its application. Second, it argues that the superior court erred by failing to adopt the 35-mile distance requirement under the federal Single Provider Regulation, 42 CFR § 413.65 (e) (3), as the correct standard for determining whether hospital facilities are in close proximity. Finally, it argues that the superior court erred when it found that although disputed evidence exists on whether the two hospitals serve patients in the "same geographic area," no factual issue exists as to whether the two hospitals are in "close proximity."

1. When this court reviews a superior court judgment in a case under the Administrative Procedure Act, "our function is to determine whether the superior court has in its own final ruling committed an error of law." (Citation and punctuation omitted.) *Dept. of Public Safety v. Bafford*, 223 Ga. App. 639, 640 (478 SE2d 444) (1996). Piedmont Healthcare contends that the superior court erred in holding that no administrative hearing was necessary on its application for a single hospital permit, even though the ALJ cited the incorrect standard of review in her decision and issues of fact exist. As the superior court found, the ALJ stated that she was required to afford great weight and deference to DHR's interpretations, and also incorrectly stated that the law provided that she affirm administrative decisions that were not "clearly erroneous" or "arbitrary or capricious." Those are the standards by which the superior court and this court review agency decisions as appellate courts, OCGA § 50-13-19 (h); *Commr. of Ins. v. Stryker*, 218 Ga. App. 716, 717 (1) (463

SE2d 163) (1995), not the standard of review for an ALJ, who must consider the facts and law of the case de novo. Office of State Administrative Hearings R. 616-1-2-.21 (3).

The superior court determined that genuine issues of fact existed as to two of the three criteria necessary for a single permit: whether the two hospitals were in the "same geographic area" and under the "same ownership, control and bylaws." The court also found that the ALJ recited the incorrect standard of review. The court concluded, however, that the ALJ properly issued a summary determination without a hearing because the undisputed facts showed that the two hospitals, being 27.8 miles apart, were not in "close proximity" as a matter of law. The court found that remanding the matter for a hearing on the merits would not change the outcome. The court therefore affirmed the ALJ's decision.

Piedmont Healthcare argues that if the ALJ had granted its request for a hearing, it could have shown why the definition of "close proximity" should match the definition in the federal regulation. It could also have shown what it calls the "efficiencies and healthcare delivery benefits" that would result from being granted the permit, and that the two facilities served patients in the same geographic area, which supports its argument that the two facilities are indeed in close proximity. It argues that because disputed issues of material fact existed, the ALJ's failure to hold a hearing violates OCGA § 50-13-41 (a) (1) and Ga. Comp. R. & Regs. r. 616-1-2-.09 and r. 616-1-2-.15.

The Code section provides:

(a) (1) Whenever a state agency authorized by law to determine contested cases initiates or receives a request for a hearing in a contested case which is not presided over by the agency head or board or body which is the ultimate decision maker, the hearing shall be conducted by the Office of State Administrative Hearings, and such hearings shall be conducted in accordance with the provisions of this chapter and the rules and regulations promulgated under this article.

The first regulation provides that "[a]s soon as practicable after the receipt of a request from a Covered Agency that OSAH [(Office of State Administrative Hearings)] conduct a hearing and the filing of any responsive pleading(s), the ALJ shall issue a notice of hearing. . . ." Ga. Comp. R. & Regs. r. 616-1-2-.09 (1). The second regulation provides that a party may move for a summary adjudication, similar to a summary judgment, "on the basis that there is no genuine issue

of material fact for determination." Ga. Comp. R. & Regs. r. 616-1-2-.15 (1). If the ALJ agrees that the issue is proper for summary adjudication, he or she is not required to hold a hearing.

Piedmont Healthcare argues that this issue was not properly decided by summary adjudication because issues of fact remain and it should have been allowed to present its case and cross-examine the opposing witnesses at a hearing. On appeal from an ALJ's grant of summary determination, we review the law and evidence de novo. *City of Rincon v. Couch*, 276 Ga. App. 567, 568 (623 SE2d 754) (2005); see *Children's Hosp. &c. v. Ga. Dept. of Med. Assistance*, 235 Ga. App. 697, 700 (1) (509 SE2d 725) (1998). Thus we must first determine whether a genuine issue of material fact exists as to whether the two hospitals are in close proximity. If no such factual issue appears from our review of the record, then we must affirm the ALJ. See *Children's Hosp.*, supra, 235 Ga. App. at 698-700 (1).

By statute and DHR regulation, hospitals cannot operate without a permit. OCGA § 31-7-3; Ga. Comp. R. & Regs. r. 290-9-7-.03. The single permit rule is new and has never been interpreted, but reflects long-standing ORS policy. Subsection (a) of the rule states that "Multi-building hospitals may request a single permit to include all buildings provided that the hospital buildings are in close proximity to each other, the facilities serve patients in the same geographical area, and the facilities are operated under the same ownership, control, and bylaws." Ga. Comp. R. & Regs. r. 290-9-7-.03 (a). The department's "clarification for providers" regarding this rule, which is information "intended to clarify rules and to provide technical assistance and examples for providers," states that

> [b]illing for services through a hospital Medicaid or Medicare provider number would be considered billing under the hospital permit. These services would be expected to comply with applicable hospital rules and regulations, such as involvement in the [quality management] system, maintaining a safe and clean environment of care, etc.

The federal Single Provider Regulation, 42 CFR § 413.65 (e) (3) (i), requires that, in order to obtain a single hospital provider number under which hospital facilities may bill services, the facilities must be within 35 miles of each other. But the federal regulation includes many more requirements in addition to being within 35 miles of each other, including integrated clinical services (42 CFR § 413.65 (d) (2)), integrated finances (42 CFR § 413.65 (d) (3)), and operation under the ownership and control of the main provider (42 CFR § 413.65 (e) (1)). The federal regulation also provides that the main provider and the remote location must operate under a single license, unless the State

requires a separate license. 42 CFR § 413.65 (d) (1). Thus the federal regulations recognize that hospital licensing requirements do not necessarily mirror the federal Single Provider Regulation requirements.

Further, Piedmont Healthcare could have introduced with its motion for summary determination the evidence it contends it would have presented in a hearing. The issue is not whether it could have supplied more information at a hearing, because clearly it could have. Rather, the issue is whether the evidence in the record established the existence or lack of a material issue of genuine fact. Arguing that the 35-mile rule in the federal regulation should be applied here does not establish such an issue, in light of other evidence in the record that Piedmont Hospital and Piedmont Fayette are in different counties and cities, with a county between the two, and that it would take at least 40 minutes to drive from one to the other.

ORS stated in its initial denial of the application that

[i]n the past, where hospitals met all other applicable requirements, ORS has allowed multi-building hospitals to merge their licenses where the buildings were in close proximity. In all instances, the hospital buildings were in the same community, the significant majority of the patients were from the shared community, and the hospitals were within a few miles of each other. Based upon past operational procedures and the current rule, ORS concludes that the 28-mile distance between Piedmont Hospital and Fayette Hospital does not meet the definition of close proximity, particularly in light of the difficulty in sharing resources. While it was represented that both campuses would be fully staffed and that key resources would not be shared, where one license is issued to a hospital, that hospital is free to make business decisions on how it will distribute its resources under the one license.

Based on the distance and the fact that Clayton County and other hospitals stood between the two hospitals, the ALJ found that the two hospitals were not in close proximity. The ALJ also concluded that the 35-mile rule in the Medicare single provider regulations pertains only to reimbursement matters and did not relate to the licensing under the Single Permit Rule. The appeals reviewer affirmed, finding that the two hospitals were not in close proximity, being 28 miles and 40 minutes driving time apart. We must defer to an administrative agency "in matters involving the interpretation of the statutes which it is empowered to enforce. [Cits.]" *Albany Surgical v. Dept. of Community Health*, 257 Ga. App. 636, 638 (1) (a) (572 SE2d 638)

(2002). Accordingly, we conclude that the ALJ did not err in issuing a summary determination upholding the final decision of the agency.

2. In light of our holding in Division 1, Piedmont Healthcare's remaining enumerations are moot.

### Case No. A06A1357

The Institute for Radiation Therapy and Newnan Regional Radiation Therapy Center have cross-appealed, contending that the main appeal is moot. They claim that, while Piedmont Healthcare's request for a consolidated license was pending, the Department of Community Health issued a ruling that Piedmont Hospital's highly specialized services cannot be transferred to Piedmont Fayette through a single permit unless it obtains a certificate of need (CON) first. The radiation services claim that, because of this ruling, Piedmont "cannot obtain any benefit from its appeal." Piedmont Healthcare argues that other benefits would accrue to it if it obtained a single permit, relating to administration, staffing, resource allocations, and delivery of care. Further, they note that DHR has not claimed the case is moot.

The CON issues are not before this court, only the decision to deny a single hospital permit to Piedmont Healthcare. Therefore this appeal is not moot.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 7, 2006.

*Morris, Manning & Martin, Robert C. Threlkeld, Leslie A. Allen,* for Piedmont Healthcare, Inc.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Evan R. Kaplan, Michelle Townes, Assistant Attorneys General, Ray & Sherman, John W. Ray, James M. Sherman, Alston & Bird, Angela T. Burnette, Jack S. Schroder, Jr., John A. Sligh, Jr.,* for Georgia Department of Human Resources et al.

*Shayna N. Ansley,* for Institute for Radiation Therapy, Inc. et al.