S09A1435. KAPLAN et al. v. CITY OF SANDY SPRINGS et al.
(690 SE2d 395)

THOMPSON, Justice.

This is a companion case to *City of Sandy Springs v. Kaplan*, 286 Ga. 160 (686 SE2d 115) (2009). In that case, the city sought, and this Court granted, interlocutory review of an order denying the city's motion for summary judgment. We affirmed the denial of the city's summary judgment motion, but remanded for further consideration and clarification of the trial court's order. In this case, Fulton County filed a motion for summary judgment which the trial court granted. On appeal, the Kaplans enumerate error upon the grant of summary judgment to the county.

Ronnie and Richard Kaplan filed suit against Fulton County, the City of Sandy Springs and the Fulton County School District, seeking, inter alia, a mandamus to order defendants to repair a

36-inch drainage pipe under their driveway, as well as damages stemming from defendants' failure to repair the pipe. The pipe was installed at the time of construction of the Kaplans' subdivision in 1980. It is part of a storm drainage easement described on the final plat of the subdivision.

The final plat contains the following language:

> Owner of land shown on this plat . . . acknowledges that this plat was made from an actual survey and dedicates to the use of the public forever, all streets, parks, drains, easements and public grounds thereon shown, which comprise a total of 0.66 acres, for purposes of street right of way.

Although the 36-inch drainage pipe does not appear on the final plat, it does appear on a revised final plat which was recorded and approved by the county in 1981. At that time, the county's subdivision regulations provided that after a one-year period in which the owner of a subdivision was responsible for maintaining storm drainage facilities, "maintenance responsibility will revert to the county. Properly executed and recorded easements shall be provided for this purpose prior to the recording of the final plat." No easements were executed or recorded with regard to the Kaplans' subdivision.

The county moved for summary judgment, asserting it neither expressly nor impliedly accepted the dedication of the 36-inch pipe. The trial court agreed and granted summary judgment to the county. This appeal followed.

1. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We use a de novo standard of review on appeal from a grant of summary judgment, and view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant. In applying this standard to the facts of this case, we must bear in mind that questions of dedication and acceptance should ordinarily be resolved by a jury. *Johnson & Harber Constr. Co. v. Bing*, 220 Ga. App. 179, 181 (469 SE2d 697) (1996); *Bryant v. Kern & Co.*, 196 Ga. App. 165, 167 (395 SE2d 620) (1990).

2. "To prove a dedication of land to public use, there must be an offer, either express or implied, by the owner of the land, and an acceptance, either express or implied, by the appropriate public authorities or by the general public. [Cits.]" *Smith v. State of Ga.*, 248 Ga. 154, 158 (282 SE2d 76) (1981). See also *MDC Blackshear v. Littell*, 273 Ga. 169, 170 (537 SE2d 356) (2000). The Kaplans assert that the county expressly accepted the dedication of the 36-inch drainage pipe when it approved the revised final plat. We disagree. Although the

recording of the revised subdivision plat shows a dedication of the drainage pipe to the county, *Smith v. Gwinnett County*, 248 Ga. 882, 885 (286 SE2d 739) (1982), the county's approval of the revised final plat does not by itself show an acceptance. *Lewis v. DeKalb County*, 251 Ga. 100, 101 (303 SE2d 112) (1983) ("mere approval of plats containing offers of dedication did not constitute acceptance"). The county ordinance in effect at the time of the approval of the plat required the owner of a subdivision to execute and record an easement if he or she wanted to dedicate a storm drainage component to the county. The owner of the Kaplans' subdivision did not execute an easement to the county for any portion of the subdivision's storm drainage system. In the absence of this easement, it cannot be said that the county expressly accepted the dedication.

The Kaplans argue that the deposition testimony of John Didicher, an engineer who surveyed and designed the subdivision, raises a question of fact concerning acceptance of the drainage pipe by the county. Didicher averred that he designed hundreds of subdivisions in the county and that it never required the execution of an easement in addition to dedication language contained in a final plat. This testimony does not raise a fact question for the simple reason that it does not suggest that "the appropriate public authorities" accepted the drainage pipe. *Smith v. Gwinnett County*, supra. See also OCGA § 45-6-5 ("public may not be estopped by the acts of any officer done in the exercise of an unconferred power"); *City of Buchanan v. Pope*, 222 Ga. App. 716, 720 (476 SE2d 53) (1996) (city not estopped from relying on provision of city charter even though it had not abided by terms of charter in past).

3. "Acceptance of a dedication may be shown by any act of a governmental entity treating a structure as its own." *Johnson & Harber Constr. Co. v. Bing*, supra at 182. The Kaplans contend the county impliedly accepted the dedication of the drainage pipe because it investigated and photographed the pipe, cleared it of debris at the Kaplans' request on two occasions, and offered to reline the pipe if the Kaplans paid for materials. However, none of these acts support an inference that the county exercised dominion and control over the drainage pipe. See *Teague v. City of Canton*, 267 Ga. 679, 681 (3) (482 SE2d 237) (1997) (it is the government's exercise of dominion and control of the property which indicates acceptance of the dedication). Compare *Hibbs v. City of Riverdale*, 227 Ga. App. 889, 890 (490 SE2d 436) (1997) (implied acceptance not shown by fact that city investigated subdivision's drainage problems and required compliance with its regulations) with *Bryant v. Kern & Co.*, supra (county accepted dedication of road by inspecting it on numerous occasions, requiring it to meet county standards, requiring the posting of a maintenance bond, and undertaking the placement of traffic signs).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 2010.

*King & Yaklin, Russell D. King*, for appellants.
*Brock, Clay, Calhoun & Rogers, Stephen G. Smith, Jr., Andrew J. Whalen III, Leigh C. Hancher, Matthew C. Welch, Steven E. Rosenberg*, for appellees.