[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16882
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-01064-MHH


JEFFERSON COUNTY BOARD OF EDUCATION,
an agency of the State of Alabama,

Plaintiff-Counter
Defendant-Appellant,

versus

BRYAN M,
DARCY M,
individually and as parents, guardians,
next friends and legal representatives
of R.M., a minor,

Defendants-Counter
Claimants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 11, 2017)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

The Jefferson County Board of Education challenges the district court's refusal to vacate an earlier administrative ruling and its finding that Brian and Darcy M. (the Parents) were "prevailing parties" entitled to attorney's fees.  It contends that the Parents mooted their claims under the Individuals with Disabilities Education Act (IDEA) by removing their child, R.M., from the Jefferson County public school system.

## I.

R.M. has been diagnosed with learning and behavioral disorders and the IDEA entitles him to a "free appropriate public education."  20 U.S.C. §§ 1400(c)(3), 1412(a)(1).  To ensure that students with disabilities receive educational services necessary to provide such an education, Congress mandated the creation of individualized education programs (IEPs) for students, like R.M., who are protected by the IDEA.  Id. § 412(a)(4).  The IDEA requires school districts to include a student's parents in the IEP team, id. § 1414(d)(1)(B), and treat them as equal partners, see M.M. ex rel. C.M. v. Sch. Bd., 437 F.3d 1085, 1095 (11th Cir. 2006) ("During the IEP development process, parental involvement is critical; indeed, full parental involvement is the purpose of many of the IDEA's procedural requirements.").

2

The school district must provide the services recommended by the IEP in the "least restrictive environment" possible. 20 U.S.C. § 1412(a)(5). For that reason, the IEP must identify a student's least restrictive environment. Id. § 1436(d)(5). If the student's parents believe the IEP has incorrectly identified that environment, they can challenge the IEP's designation. And when they do, the IDEA's "stay put" provision directs that "the child shall remain in the then-current educational placement" until the parents' challenge is resolved. Id. § 1415(j).

R.M. began the 2010–2011 school year at Mount Olive Elementary School, as recommended by his IEP. But after he encountered challenges there, he was transferred to Brookville Elementary School for the remainder of that school year and the following year. R.M.'s behavior and grades improved during his time at Brookville.

For the 2012–2013 school year, the Parents requested that R.M. be placed at Snow Rogers Elementary School. The district complied with that request. But R.M.'s IEP for the following year identified Brookville as his least restrictive environment. The Parents objected to that placement and filed a due process complaint to challenge it. They alleged, among other things, that the school district had developed an inappropriate behavior intervention plan for R.M., failed to provide him with appropriate treatment, and did not treat them as equal partners in developing the IEP. The Parents also invoked the "stay put" provision, which

3

the state hearing officer concluded required R.M. to remain at Snow Rogers.

As a result of that order, R.M. began the 2013–2014 school year at Snow Rogers. In January 2014, however, the Parents withdrew R.M. from Snow Rogers and enrolled him in a church school. Meanwhile, the merits of the Parents' due process complaint remained pending before the hearing officer.

In March 2014, the hearing officer found in favor of the Parents on some of their claims. He concluded that the school system had improperly predetermined that R.M. should be placed at Brookville during the 2013–2014 school year without allowing the Parents to participate in the decision; that the school district had failed to properly implement R.M.'s behavior plan; and that the school district had violated R.M.'s right to receive educational services in the least restrictive environment. The hearing officer ordered the district to provide training to Snow Rogers staff; that R.M. remain at Snow Rogers for the duration of the 2013–2014 school year (even though at this point he was no longer there); and that the IEP team re-determine R.M.'s "least restrictive environment" at the end of the school year and consider returning R.M. to his zoned school.

The Board of Education conducted a training session for Snow Rogers staff in May 2014 in order to comply with the hearing officer's order. And in July it held an IEP meeting to determine R.M.'s placement, settling on Mount Olive. Although the Parents initially enrolled R.M. at Mount Olive for the 2014–2015

4

school year, they withdrew him again two days before classes started. They have not indicated to the Board that they have any intention of re-enrolling R.M. in the Jefferson County school system or any other public school.

The Board filed a complaint in federal court challenging the hearing officer's decision. It asked that the district court set aside the hearing officer's order and sought to recover its costs. The Parents filed an answer and counterclaim asking the district court to affirm the hearing officer's order, award them attorney's fees under 20 U.S.C. § 1415, declare that the Board's policies and practices violated the IDEA, and enjoin the Board from violating their and R.M.'s rights under the IDEA.

The district court first concluded that, because the Board had already complied with the hearing officer's order and R.M. was no longer a student in the Jefferson County schools, its appeal and the portion of the Parent's counterclaim asking that the hearing officer's order be affirmed were moot. The district court next explained that the Parents were entitled to attorney's fees as prevailing parties under § 1415, even though any appeal from the merits of the due process ruling was moot. The district court declined to vacate the hearing officer's order. This is the Board's appeal.

## II.

The Board asks us to reverse the district court's conclusion that the Parents

5

are prevailing parties and its refusal to vacate the state hearing officer's order. After briefly addressing whether the Board's appeal to the district court and the Parents' counterclaim were moot, we address each argument in turn.

## A.

We begin with the district court's conclusion that the Board's appeal and the Parents' counterclaim are moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" of the case. T.P. ex rel. T.P. v. Bryan Cty. Sch. Dist., 792 F.3d 1284, 1292 (11th Cir. 2015).

One way a case can become moot is where an intervening event precludes a federal court from granting any effectual relief to any party. See United States v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1223, 1228 (11th Cir. 2015). For instance, when a party fully complies with an order under review, that compliance generally moots any appeal from that order — at least where the "order was not a continuing injunction" and "merely required [that party] to perform certain discrete acts." Newman v. Alabama, 683 F.2d 1312, 1317 (11th Cir. 1982); accord S.F. Residence Club, Inc. v. 7027 Old Madison Pike, LLC, 583 F.3d 750, 756 (11th Cir. 2006). Here, the Board has complied with the hearing officer's order by providing training to the Snow Rogers staff and developing a new IEP for R.M. for the 2014–2015 school year. Because federal courts cannot untrain staff members or undevelop an

6

IEP, neither the district court nor this Court can provide the Board with any relief. The district court was correct that the Board's appeal is moot.[1]

The Parents' counterclaim is also moot. Now that R.M. has left the Jefferson County school system and apparently has no intention to return, an injunction or declaratory judgment from a federal court (or even an affirmance of the hearing officer's order) can provide him with no relief.

### B.

Despite the mootness of the Board's appeal and the Parents' counterclaim, the district court concluded that the Parents were prevailing parties entitled to attorney's fees under 20 U.S.C. § 1415. The Board appeals that conclusion, arguing that neither the Parents nor their son received any benefit from the due process order. We disagree with the Board and agree with the district court.

We review for clear error the findings of fact underlying a district court's conclusion that a party seeking attorney's fees is a "prevailing party" under the IDEA, but we review de novo the district court's conclusion that "the facts as found suffice to render [that party] a 'prevailing party.'" Church of Scientology Flag Serv. v. City of Clearwater, 2 F.3d 1509, 1512–13 (11th Cir. 1993).[2] If the

---

[1] The hearing officer also ordered that R.M. remain at Snow Rogers for the remainder of the 2013–2014 school year, but it is obviously too late to do anything about that now.

[2] Although the decisions cited in this paragraph and the paragraph that follows concern attorney's fees provisions in statutes other than the IDEA, both the Supreme Court and this Court have construed the phrase "prevailing parties" the same way across a wide variety of attorney's

district court correctly determined that the party is a "prevailing party," we review only for an abuse of discretion its award of attorney's fees.  Id. at 1513.

In order to be considered a "prevailing party" for IDEA purposes, "ordinary language requires that a plaintiff receive at least some relief on the merits of his claim."  Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603, 121 S. Ct. 1835, 1840 (2001) (quotation marks omitted). "Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement."  Farrar v. Hobby, 506 U.S. 103, 111, 113 S. Ct. 566, 573 (1993).  "The plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant," Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S. Ct. 1486, 1493 (1989), such as an "enforceable judgment[ ] on the merits," Buckhannon, 532 U.S. at 604, 113 S. Ct. at 1840.  "No material alteration of the legal relationship between the paties occurs until the plaintiff becomes entitled to enforce a judgment . . . ."  Farrar, 506 U.S. at 574, 113 S. Ct. at 574.

Initially, the fact that the merits of the appeal and counterclaim in this case became moot before they reached the district court does not mean that the Parents are not prevailing parties.  Cf. Thomas v. Bryant, 614 F.3d 1288, 1294 (11th Cir.

---

fees provisions.  See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 n.4, 121 S. Ct. 1835, 1839 n.4 (2001); Doe v. Busbee, 684 F.3d 1375, 1380 n.3 (11th Cir. 1982).

2010) ("[W]hen plaintiffs clearly succeeded in obtaining relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation.") (quotation marks omitted).  The Board argues, however, that the case became moot before the state due process proceedings concluded; specifically, it argues that the Parents mooted their claims when they removed R.M. from the school system in January 2014.  If that were true, the Parents arguably would not be prevailing parties, even though their due process complaint prompted the school district to take remedial action.  See Buckhannon, 532 U.S. 598, 121 S. Ct. 1835 (rejecting the idea that a plaintiff could be a prevailing party under a "catalyst theory"); Dionne v. Floormasters Enters., 667 F.3d 1199 (11th Cir. 2012) (concluding that a plaintiff was not a prevailing party where case became moot before the district court could render a judgment).

But the parents did not moot the due process proceedings by placing R.M. in private school in January 2014.  Both the Supreme Court and this Court have made clear that parents are not required to keep their student in a learning environment they believe violates the IDEA while due process proceedings are pending.  See Sch. Comm. v. Dep't of Educ., 471 U.S. 359, 105 S. Ct. 1996 (1985) (holding that parents can receive reimbursement for the cost of sending their child to private school during the pendency of state due process proceedings); R.L. v. Miami-Dade

9

Cty. Sch. Bd., 757 F.3d 1173, 1177 (11th Cir. 2014) ("If the parents believe that the IEP does not comply with the IDEA's requirements, they may unilaterally withdraw their child from the school and pursue alternative placement options. Whether or not the dissatisfied parents pursue alternative placement options, [they] can file a complaint . . . and get a due process hearing before [a hearing officer] to resolve the dispute.") (citation omitted).

That is what happened here. R.M.'s parents removed him from the school district while the due process hearing was pending. Then, after they obtained some relief, the Parents re-enrolled him in the same school district. It is true that the Parents ultimately decided to withdraw R.M. from that district before the start of the school year, which means that R.M. did not directly benefit from the new IEP or the training the hearing officer ordered the school district to conduct. As the district court recognized, however, the Parents did receive at least some benefit: They were provided with an IEP that fully complied with the IDEA and were able to evaluate the additional training the school district provided its employees. As a result, they could make an informed choice about whether to keep R.M. in the public schools or pursue alternative educational opportunities.[3]

---

[3] The Board suggests that re-enrolling R.M. after the due process decision was rendered was a contrivance to preserve the Parents' claim to attorney's fees or other relief and that the parents never intended to re-enroll R.M. in the Jefferson County School District after withdrawing him. But the Board provides us with only naked assertions to that effect, unsupported by any citation to evidence in the record. Indeed, the only evidence of the Parents' motivations in the record is that, after they obtained relief from the state due process

Not only that, but it is undeniable that the Parents had, at that point, obtained a judgment they were entitled to enforce. Farrar, 506 U.S. at 574, 113 S. Ct. at 574. We are aware of no case law supporting the proposition that a party that obtains an enforceable judgment (indeed, obtains a judgment that the other party has already complied with) is any less a prevailing party because they fail to take advantage of or enforce that judgment.[4]

The Board protests that the hearing officer's directive to re-determine R.M.'s proper placement for the 2014–2015 school year should not be considered in determining whether the Parents were prevailing parties. According to the Board, all the hearing officer did was order them to comply with the law because the IDEA would have required the IEP team to develop a new IEP for R.M. anyway. Relying on our decision in Elend v. Basham, 471 F.3d 1199 (11th Cir. 2006), the Board explains that "precatory, 'obey the law' injunctions" are not enforceable.

But even if that is true, the hearing officer still ordered the school district to

_____

proceedings, R.M.'s mother did participate in IEP preparation process for the 2014–2015 school year and did temporarily re-enroll R.M. in the Jefferson County school district. The district court's opinion, though it does explicitly address this issue, appears to infer from R.M.'s mother's participation in the IEP process and R.M.'s temporary re-enrollment that the Parents genuinely hoped to re-enroll their son in the public schools. We cannot say that implicit factual finding was clearly erroneous.

[4] Because we conclude that the Parents and R.M. are prevailing parties under the IDEA based on their ultimate success before the administrative hearing officer, we do not consider whether they could be considered prevailing parties based on the officer's "stay put" order.

conduct remedial training. Plus, there is some evidence that the Board needed to be told to obey the IDEA. After all, the last time it prepared an IEP for R.M. it improperly predetermined R.M.'s placement. Finally, the hearing officer's order was not simply a vague directive to comply with the IDEA; it specifically directed the IEP team to consider R.M.'s "zoned school" and reprimanded the school district for failing to properly include the Parents in the earlier IEP process. That the IDEA required the school district to do those things anyway does not turn the hearing officer's injunction into an "obey the law" injunction. The whole point of issuing an injunction is to direct a party to do what they are legally obligated to do.

## C.

Finally, the Board contends that the district court erred by refusing to vacate the state hearing officer's due process ruling. It is true that appellate courts often vacate orders under review when the case becomes moot while on appeal. After all, "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S.18, 25, 115 S. Ct. 386, 391 (1994). But a reviewing court should not vacate a judgment that has become moot while an appeal is pending, where the losing party below "has voluntarily forfeited his legal remedy." Id. at 25; 115 S. Ct. at 392. When that happens, "[t]he judgment is not unreviewable, but simply unreviewed by [the

losing party's] own choice." Id.  As we have already discussed, the Board mooted its own appeal by complying with the hearing officer's due process order.  For that reason, it voluntarily forfeited its right to challenge that order and, as the district court correctly concluded, vacatur was not appropriate.  While it is true that the Parents' decision to withdraw R.M. from the Jefferson County school district also mooted the merits of this case, all that means is that the responsibility for mooting the issues on appeal was (at best) mutual.  That alone is not enough to show that fairness requires vacating the hearing officer's order.

### III.

In sum, this case is moot, the Parents and R.M. qualify as "prevailing parties" entitled to reasonable attorney's fees, and the hearing officer's order should not be vacated.

**AFFIRMED.**