[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11257
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cv-00993-VMC-JSS

CHAD BENJAMIN BURKE,

Plaintiff - Appellant,

versus

HILLSBOROUGH COUNTY SCHOOL BOARD,

Defendant - Appellee,

PETER J. GRILLI,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 24, 2018)

Before MARCUS, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Chad Burke, proceeding pro se, appeals the district court's dismissal as moot of his complaint for judicial review of an Administrative Law Judge's ("ALJ") final order denying relief to his son, A.B., under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.  On appeal, Burke argues that his case is not moot because: (1) meaningful relief can still be awarded to him based on his request for money damages for compensation for A.B.'s elementary school denying him a free and appropriate public education; and (2) this case falls within the capability of being repeated and avoiding judicial review exception to the mootness doctrine.  After careful review, we affirm.

On appeal to the district court in the IDEA context, the district court reviews the evidence presented to the ALJ and may hear additional evidence if needed.  R.L. v. Miami-Dade County School Bd., 757 F.3d 1173, 1178 (11th Cir. 2014) (citing 20 U.S.C. § 1415(i)(2)(C)(i)-(ii)).  The district court may issue a judgment on the record based on the preponderance of the evidence, even when the facts are in dispute.  Id.  When weighing the evidence, the district court gives "due weight" to the ALJ decision and "must be careful not to substitute its judgment for that of state educational authorities."  Id. (quotation omitted).  However, the district court does not give the ALJ blind deference -- it "is free to accept the ALJ's conclusions that are supported by the record and reject those that are not."  Id.

2

In an IDEA appeal to this Court, we review <u>de novo</u> questions of law, like the interpretation of the statute and regulations. <u>Id</u>. at 1181. We generally review facts for clear error, but "where the District Court's finding is based solely on a cold administrative record, we stand in the same shoes as the district court in reviewing the administrative record and may, therefore, accept the conclusions of the ALJ and the district court that are supported by the record and reject those that are not." <u>Id</u>. (quotation omitted). Because no other evidence was presented at the district court in this case, we stand in the same shoes that the district court did. <u>Id</u>.

Article III of the Constitution extends the jurisdiction of federal courts only to "Cases and Controversies." <u>Strickland v. Alexander</u>, 772 F.3d 876, 882 (11th Cir. 2014) (quotation omitted). The case-or-controversy restriction imposes on the courts' authority "justiciability" limitations, one of which is reflected in the mootness doctrine. <u>Id</u>. at 882-83. "A case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts." <u>United States v. Sanchez-Gomez</u>, 138 S. Ct. 1532, 1537 (2018) (quotation omitted). Additionally, "a dispute "must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id</u>. (quotation omitted). An issue is moot when it no longer presents a live controversy about which the court can give meaningful relief. <u>Christian Coal. of Fla., Inc. v. United States</u>, 662 F.3d 1182, 1189 (11th Cir. 2011).

3

"Unlike declaratory and injunctive relief, which are prospective remedies, awards for monetary damages compensate the claimant for alleged past wrongs." McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1362 (11th Cir. 1984). Therefore, the termination of unlawful conduct does not necessarily moot the whole case when there is a claim for money damages. Id.

An exception to the mootness doctrine is a case that is "capable of being repeated and evading review." Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002). But this exception "is narrow and applies only in exceptional situations" -- when there is "a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Id. at 1242-43 (quotation omitted). Further, the "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Id. at 1243 (quotation omitted).

On appeal, we "may affirm the district court's ruling on any basis the record supports." Florida Wildlife Federation Inc. v. United States Army Corps of Eng'rs, 859 F.3d 1306, 1316 (11th Cr. 2017). We may do so "regardless of the grounds addressed, adopted or rejected by the district court." Id. (quotation omitted).

4

This appeal arises out of Burke's allegation that his son's elementary school did not provide him with sufficient services in accordance with his Individualized Education Program ("IEP"), and deprived him of a free and appropriate public education in violation of the IDEA. Two of the items for relief Burke requested in his complaint were: (1) to return his son, A.B., to placement in a general education classroom with appropriate support services as identified in his IEP dated September 19, 2016, and (2) to identify actions to be taken against school personnel for "predetermin[ing]" A.B.'s placement and assignment. After Burke filed his complaint, however, his station with the military had changed and he had moved with A.B. out of the school district and the state of Florida, making A.B. unavailable to be placed into any particular classroom or to ascertain what steps needed to be taken concerning school personnel. Because the district court could have ordered these two items of requested relief only if A.B. had remained a student within the School Board's district, the court correctly determined that this portion of the case had become moot. Christian Coal. of Fla., 662 F.3d at 1189.

Burke suggests that judicial review of the claims in his complaint in itself would provide meaningful relief. We disagree. The mootness doctrine embodies Article III's requirement that there be a live controversy about which the court can give meaningful relief. Christian Coal. of Fla., 662 F.3d at 1189. "[A] federal court has no authority to give opinions upon moot questions or abstract

propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it," no matter where the case is in the proceedings. Id. (quotation omitted); Sanchez-Gomez, 138 S. Ct. at 1537. If this Court or the district court were to render an opinion on the merits of a moot case, it would be nothing more than an "impermissible advisory opinion." Soliman, 296 F.3d at 1242 (quotation omitted).

Nor does this case fall within the "capable of repetition and evading review" exception to the mootness doctrine. For starters, Burke and his child no longer live within the School Board's district or in the state of Florida. In McKinnon, we held that a prisoner's transfer from one prison to another mooted his claim for declaratory and injunctive relief. 745 F.2d at 1363. The court rejected the appellant's argument that "there [was] no assurance that he will not be returned to the jail or that the conditions of which he complains will be ameliorated." Id. Besides opining that he could be stationed in Florida again, Burke has not shown that he expects to return to the School Board's district, the state of Florida, or that there is even a demonstrated probability that he will. Rather, Burke suggests it "could" happen, which is insufficient to show that the same controversy involving the same parties will ever recur. Soliman, 296 F.3d at 1243. Additionally, no evidence in the record suggests that Florida school districts will be able to retain residual authority of students that are no longer located within the state. Compare

6

with Honig v. Doe, 484 U.S. 305, 318-20 (1988) (holding that respondent's case in the IDEA context was not moot because he still resided in the state of California, which insisted that all local school districts retain residual authority to exclude disabled children for dangerous conduct). In short, Burke has not demonstrated that there is a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party.

As for the third and final request in Burke's complaint -- a request for monetary damages -- we recognize that this claim is not moot. As Burke correctly argues, he requested monetary damages from the beginning: (1) in his request for a due process hearing with the ALJ, he requested "compensatory consideration"; and (2) in his complaint at the district court level, he requested $32,568.04 for services Burke and his wife had provided to A.B. So even though Burke moved out of the school district with his child, the district court could have still granted the monetary relief that Burke did in fact request. See McKinnon, 745 F.2d at 1362.

Nevertheless, the district court's error is harmless. As the record reveals, Burke failed to prove that he was entitled to money damages by failing to present evidence in support of this request. As the district court correctly pointed out in its order dismissing Burke's complaint, Burke never litigated the issue or presented supporting evidence at the ALJ level for the "compensatory compensation" he sought. Burke also failed to support the $32,568.04 he alleged he was entitled to in

his complaint with evidence in the district court.  And Burke was not foreclosed from presenting more evidence at the district court.  Indeed, 20 U.S.C. § 1415(i)(2)(C) specifically allows the district court to hear additional evidence not presented at the administrative level "at the request of a party[.]"  See also R.L., 757 F.3d at 1178 (recognizing that the district court "may hear additional evidence if needed").  Burke, however, did not make a request for this and did not present supporting documentation or argue why he was entitled to $32,568.04 he alleged in his complaint, nor did he do so on appeal.  See T.P. ex rel. T.P. v. Bryan County School Dist., 792 F.3d 1284, 1291-92 (11th Cir. 2015) (declining to address parents' claim for reimbursement for a psychological assessment of their child in the IDEA context because they "[had] neither adequately presented nor supported with argument such a claim at any stage of this litigation").  Because Burke failed to prove his claim for monetary damages both at the district court and at the administrative level, the district court did not err in dismissing this claim, nor in dismissing the remainder of the complaint on mootness grounds.

**AFFIRMED**.