[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14834
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00546-B

ROSE McCANTS,
REGINA GREENE,

                                                    Plaintiffs - Appellants,

versus

CITY OF MOBILE,
CITY OF MOBILE POLICE DEPARTMENT,
CPL. STEVEN CHANDLER,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 27, 2018)

Before TJOFLAT, DUBINA, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiffs/Appellants, Rose McCants ("McCants") and Regina Greene ("Greene"), appeal the magistrate judge's order dismissing their complaint against the City of Mobile (the "City"), the Mobile Police Department (the "MPD"), and Police Officer Steven Chandler ("Officer Chandler"), in his individual capacity. Their complaint contained eight separate claims for relief: two claims of excessive force by Officer Chandler against McCants and Greene, in violation of the Fourth and Fourteenth Amendments; two claims of violations of the equal protection clause by Officer Chandler against each plaintiff; two claims of First Amendment retaliation by Officer Chandler against each plaintiff; and two claims of deliberate indifference against the City and the MPD by each plaintiff. The City, the MPD, and Officer Chandler filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and the plaintiffs filed a brief in opposition to the motions to dismiss. All parties consented to the exercise of jurisdiction by a United States Magistrate Judge. The magistrate judge entered an order dismissing the complaint and later entered an amended order dismissing the complaint with prejudice. Plaintiffs appeal from the amended order of dismissal. After reading the parties' briefs and reviewing the record, we affirm the judgment of dismissal.

## I. BACKGROUND

2

In their complaint, plaintiffs allege that Greene was driving in Mobile, Alabama, when her vehicle was struck from behind by James Manning ("Manning").  Greene's mother, McCants, was driving a separate vehicle, saw the accident, and stopped to check on Greene.  The first emergency responder to arrive on the scene was Officer Chandler, a corporal with the MPD.  According to the plaintiffs, Officer Chandler "laughed and chatted" with Manning, the white male driver, but "became very angry and screamed" at them, African-American women. (R. Doc. 1 ¶¶ 12, 16–18.)  Plaintiffs allege that Officer Chandler punched McCants in the chest, and the force of the punch caused her to move off the median and into the lane of oncoming traffic.  (*Id.* at ¶ 18.)  According to Greene, she begged Officer Chandler not to hit her mother, but he ignored her and "screamed back at her to calm down."  (*Id.* at ¶ 20.)

The complaint further alleges that Officer Chandler "resumed screaming" at Greene and "forced her through intimidation to move from her seated position in the car."  (*Id.* at ¶ 19.)  According to Greene, she is disabled due to prior neck injuries and was in "extreme pain" due to the accident, so being forced to move to find her purse aggravated her injuries.  (*Id.*)  Paramedics later arrived on the scene and transported Greene to the Mobile Infirmary, and, while at the Infirmary with her daughter, McCants received treatment for the injuries she sustained from the

3

punch by Officer Chandler.  (*Id.* at ¶¶ 24–25.)  The complaint also states that Officer Chandler has a history of anger problems, and "because of his racism," he initially filed a false police report that indicated Greene was at fault in the accident but later changed his report.  (*Id.* at ¶ 22.)  The plaintiffs state that they contacted Internal Affairs to investigate the accident, but the request was dismissed.

## II. DISCUSSION[1]

"We review de novo a district court's order granting a motion to dismiss for failure to state a claim."  *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 (11th Cir. 2017) (citation omitted).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "A claim is facially plausible when the plaintiff pleads sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."  *Boyle*, 866 F.3d at 1286 (citing *Ray*, 836 F.3d at 1348).  The court accepts all allegations in the complaint as true and construes the facts in the

---

[1] The plaintiffs do not challenge the court's order dismissing their First Amendment claims; therefore, we deem these claims abandoned and do not consider them.  *See T.P. ex. rel. T.P. v. Bryan Cnty Sch. Dist.*, 792 F.3d 1284, 1290–91 (11th Cir. 2015).

light most favorable to the plaintiff. *Lopez v. Target Corp.*, 676 F.3d 1230, 1232 (11th Cir. 2012).

A. *Claims against the MPD*

The court properly dismissed the claims against the MPD because it is not a proper legal entity that can be sued for the purposes of a § 1983 claim. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

B. *Claims against the City*

Plaintiffs allege that the City developed and maintained policies, procedures, and customs that exhibited deliberate indifference to their constitutional rights. A municipality may be held accountable in damages for the conduct of a particular governmental actor only when the plaintiff shows that the execution of the municipality's official "policy" or "custom" effectively was the cause of the complained of injury. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691–94, 98 S. Ct. 2018, 2036–38 (1978). Thus, to impose liability, the plaintiffs must show that their constitutional rights were violated, that the City had a custom or policy that constituted deliberate indifference to that constitutional right, and that the policy or custom caused the violation. *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cnty.*, 610 F.3d 588, 603 (11th Cir. 2010) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2009)).

5

The plaintiffs fail to support their municipal liability claims with anything other than "a formulaic recitation of the elements of the cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The allegations about Officer Chandler's anger issue are conclusory and without support. They also fail to present evidence to support the allegations of widespread abuse or anger issues within the MPD, and they do not allege any specific ordinance, rule, or regulation that the City violated. Hence, the complaint is due to be dismissed against the City because the factual allegations are not sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct 1955, 1964–65 (2007).

C.  *Claims against Officer Chandler*

Officer Chandler reasserts on appeal that he is entitled to qualified immunity because his conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)). "To receive qualified immunity, a government official first must prove that he was acting within his discretionary authority" when the alleged constitutional violation occurred. *Cottone v Jenne*, 326 F.3d 1352, 1357–58 (11th Cir. 2003). There is no dispute that Officer Chandler was acting

6

within his capacity as a law enforcement officer employed by the MPD at the time of the incident.  Thus, the burden shifts to the plaintiffs to show that he was not entitled to qualified immunity because the facts as alleged show that Officer Chandler's conduct violated a constitutional right and that right was clearly established when Officer Chandler acted.  *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).  Thus, we consider first whether the plaintiffs' allegations, if true, establish a constitutional violation.

### 1. Excessive Force

The Fourth Amendment protects against unreasonable searches and seizures, and "a person is 'seized' only when, by means of physical force or a show of authority, h[er] freedom of movement is restrained" to the extent that she would not feel free to leave.  *Knight Through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 822 (11th Cir. 2017) (quoting *United States v. Mendenhall*, 446 U.S. 553–54, 100 S. Ct. 1870, 1877 (1980)).  The plaintiffs do not show such a restriction on their freedom of movement.

Greene alleges that Officer Chandler yelled and screamed at her to retrieve her license and insurance information.  This is a valid request, and she had a statutory duty to provide such information.  *See* Ala. Code § 32-7A-6(a) and (h) (1975) (requiring every motor vehicle operator to carry within vehicle evidence of

7

motor vehicle liability insurance and to present such evidence upon request of a law enforcement officer). Officer Chandler's vociferous request for information that was necessary to complete a written accident report does not amount to a Fourth Amendment "seizure." There is no allegation in the complaint that he used physical force on Greene to obtain her compliance and to restrain her. Thus, Greene cannot establish a constitutional violation, and the court properly dismissed her claim.

Greene also claims that Officer Chandler's actions violated her Fourteenth Amendment right to bodily integrity and to be free from excessive force by law enforcement. Officer Chandler responds that Greene fails to establish such a claim because she does not allege that his actions shocked the conscience or that he used force maliciously or sadistically to cause harm. *See West v. Davis*, 767 F.3d 1063, 1067 (11th Cir. 2014) (shocks the conscience); *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (maliciously and sadistically). This is a more onerous standard of proof than the analysis of excessive force under the Fourth Amendment. In a non-custodial situation, like the present one, only a purpose to cause harm unrelated to the legitimate object of law enforcement satisfies the element of arbitrary conduct shocking to the conscience that is necessary for a due process violation. *See County of Sacramento v. Lewis*, 523 U.S. 833, 836, 118 S.

Ct. 1708, 1711–12 (1998).  Greene's bare and conclusory allegations fail to meet her burden of pleading an egregious intentional wrong.  Hence, the court properly dismissed her substantive due process claim against Officer Chandler.

McCants contends that Officer Chandler screamed at her and punched her in the chest when she arrived at the scene of the accident to check on Greene.  There is no allegation that Officer Chandler said or did anything to indicate to McCants that she was not free to leave the accident scene.  There is no allegation that Officer Chandler sought to question her or detain her.  Assuming this allegation is true, as we must, it does not constitute a seizure under the Fourth Amendment.

McCants also fails to state a claim under the Fourteenth Amendment because she does not support her allegation that Officer Chandler's conduct "shock[ed] the conscience."  *See West v. Davis*, 767 F.3d at 1067.  The only allegation of physical contact between McCants and Officer Chandler is the alleged punch to McCants's chest.  Although the punch seems unwarranted, there is nothing to support the allegation that Officer Chandler acted maliciously or sadistically in delivering the punch.  McCants makes only conclusory allegations in her complaint, and this is insufficient to overcome a motion to dismiss.  Accordingly, the court properly dismissed the substantive due process claim against Officer Chandler.

9

2. Equal Protection

In the complaint, plaintiffs assert identical claims for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. They allege that their race was a motivating factor in Officer Chandler's decision to use excessive force. They contend that Officer Chandler's attitude toward both of them was racially biased and that his attitude toward the white male driver was dramatically different. They claim that because of his racism, Officer Chandler initially filed a false accident report.

"[T]he Equal Protection Clause requires government entities to treat similarly situated people alike." *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1313 (11th Cir. 2006). Hence, to state a plausible claim for an equal protection violation, the plaintiffs must allege that through state action, similarly situated persons have been treated disparately. They cannot make such a showing. As for Greene, she does not allege that Officer Chandler failed to ask the white male driver for his license and insurance information although he requested it from her. Further, there are no allegations that McCants, who was not involved in the accident, was similarly situated to the white male driver, who was involved in the accident. Neither plaintiff has offered any comments, statements, or facts from which one could infer that Officer Chandler performed all these tasks with a racial

10

animus.  Accordingly, the plaintiffs fail to state a valid equal protection claim, and the court properly dismissed it.

The plaintiffs fail to show that Officer Chandler violated their constitutional rights, and as such, he is entitled to qualified immunity.  Therefore, the court properly dismissed the Plaintiffs' complaint against the City, the MPD, and Officer Chandler with prejudice.  Accordingly, we affirm the judgment of dismissal.

AFFIRMED.

11